UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| JOAQUIN VILCHIS BAUTISTA,<br><br>Plaintiff,<br><br>- against -<br><br>NEW SAM'S DELI INC. d/b/a SAM'S DELI and YIUTUNG LOK, individually,<br><br>Defendants. | Case No.: 17-cv-5614<br><br>**COMPLAINT**<br><br>**JURY TRIAL** |

Plaintiff JOAQUIN VILCHIS BAUTISTA AKA JORGE, by his attorneys Virginia & Ambinder, LLP, alleges as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 207, New York Labor Law § 190 *et seq.*, New York Labor Law § 633, and New York Labor Law § 650 *et seq*, on behalf of Plaintiff who furnished labor for Defendants NEW SAM'S DELI INC. d/b/a SAM'S DELI and YIUTUNG LOK (collectively "Defendants") to recover unpaid minimum wages and overtime wages, and damages for failing to provide proper paystubs, plus interest, damages, attorneys' fees and costs.

**JURISDICTION**

2. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

3. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violations is three (3) years.

1

4. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

5. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

6. Plaintiff is an individual and resident of New York, who was employed by Defendants as a sandwich preparer, grill man, cashier and other related jobs from approximately 2010 through July 12, 2017.

7. Defendant New Sam's Deli Inc. is a domestic business corporation engaged in the restaurant business organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 30 Mulberry Street, New York, New York, 10013.

8. Defendant Yiutung Lok is a resident of the State of New York at 30 Mulberry Street, New York, New York, 10013, and at all relevant times was Plaintiff's employer.

## FACTS

9. Defendants operate a business engaged in the food service industry.

10. Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

11. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendants constitutes an "enterprise engaged in commerce."

12. Defendants are employers, within the meaning contemplated, pursuant to the FLSA, 29 U.S.C. § 203(d).

13. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

14. Plaintiff is an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

15. Plaintiff is an employee, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

16. Plaintiff typically worked 6 days each week, Monday through Friday from 7 a.m. to approximately 5 p.m. and Saturday from 8 a.m. to approximately 4 p.m. for a total of approximately 58 hours each week.

17. Plaintiff did not receive a meal break during his shift.

18. Plaintiff was paid a weekly wage of between $375 and $400 for the work he performed.  He was paid in cash.

19. Plaintiff did not receive weekly paystubs.

20. Defendant Yiutung Lok (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules and conditions of employment, (3) determined the rate and method of payment for Plaintiff, and (4) maintained Plaintiff's employment records.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA MINIMUM WAGE COMPENSATION**

21. Plaintiff repeats and re-alleges the allegations set forth in the preceding

3

paragraphs.

22. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than—**$7.25 an hour**…."

23. Defendants failed to pay Plaintiff an hourly minimum wage for his work.

24. The failure of Defendants to pay Plaintiff the hourly minimum wage was willful.

25. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

26. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

27. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. Plaintiff worked more than 40 hours each week.

29. Defendants failed to pay Plaintiff overtime wages, at the rate of one and one half times the regular non-tip credit rate of pay, for the time in which he worked after the first forty hours in any given week.

30. The failure of Defendants to pay Plaintiff overtime compensation was willful.

31. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK MINIMUM WAGES

32. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

33. Pursuant to 12 NYCRR 146-1.2, "(a) The basic minimum hourly wage rate… shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; and (4) $9.00 per hour on and after December 31, 2015.

34. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

35. Defendants failed to pay Plaintiff the minimum wage for the hours he worked.

36. Defendants' failure to pay Plaintiff the minimum wage was willful.

37. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to

5

be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE OVERTIME COMPENSATION

38. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

39. Pursuant to 12 NYCRR 146-1.4 "An employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

40. Plaintiff regularly worked more than forty hours a week while working for Defendants.

41. Plaintiff did not receive overtime compensation for his work over 40 hours each week.

42. Defendants' failure to pay Plaintiff overtime compensation was willful.

43. By the foregoing reasons, Defendants are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

44. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

45. Pursuant to New York Labor Law §§ 198-1(d) and 195, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. According to that statute, employees' paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee

is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances ; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

46. Pursuant to New York Labor Law § 198-1(d), Plaintiff is entitled to $100 for every work week he failed to receive a paystub, up to a maximum of $2,500.

47. Plaintiff did not receive paystubs in accordance with the New York Labor law's requirements throughout his employment.

48. By the foregoing reasons, Defendants are liable to Plaintiff in the amount of $2,500.00, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1) on his first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on his second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on his third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(4) on his fourth cause of action against Defendants, in the amount of $2,500.00, plus attorneys' fees and costs; and

(5) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
July 24, 2017

> By:      s/Lloyd Ambinder, Esq.
> Lloyd R. Ambinder
> Leonor H. Coyle, Esq.
> Virginia & Ambinder, LLP
> 40 Broad Street, 7th Floor
> New York, New York 10004
> lcoyle@vandallp.com
> Tel:   (212) 943-9080
> Fax:   (212) 943-9082